IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NIC NEIL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 25-cv-00105-SEH-SH |
| WINCO FOODS, LLC; GARRETT COFFIELD; JAMIE REHN; NATHANIAL SHEWMAKER; NATALIE PERDEW; and DARIN RISINGER, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's motion for a protective order and for leave to conduct early, limited discovery relating to his anticipated motion for default judgment against Defendant Garrett Coffield. The motion for discovery is not narrowly tailored, lacks good cause, and will be denied. Given the denial of the motion for discovery, Neil's request for a protective order is premature and will also be denied.

**Background**

Plaintiff Nic Neil has asserted various employment-related claims against his former employer, Winco Foods, LLC, and multiple individual defendants. (ECF No. 8.) One of those defendants is Garrett Coffield, a store manager at Winco. (*Id*. at 3.[1]) On July 18, 2025, a return of service was filed, indicating that Coffield had been served the prior day. (ECF No. 15.) Coffield has not appeared in the case and answered. Neil has asked for and been granted a clerk's entry of default against Coffield. (ECF Nos. 24, 26.)

---

[1] Page numbers refer to those in the ECF header.

Neil has today filed a motion for default judgment against Coffield (ECF No. 30), but he has asked that any decision on damages be delayed (ECF No. 25; ECF No. 30 at 2.).

In the meantime, Neil has asked the Court to allow him "to conduct limited, targeted discovery from Defendant Garrett Coffield for the purpose of preparing for" the eventual default damages hearing. (ECF No. 28.) Neil also asks the Court to enter a protective order that would govern confidential information included in this discovery. (ECF No. 27.)

## Analysis

Generally, discovery cannot commence until after the parties have had their initial conference. *See* Fed. R. Civ. P. 26(d)(1), (f). The Court, however, can order early discovery, Fed. R. Civ. P. 26(d)(1), and the decision whether to allow such early discovery is in the Court's discretion, *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Courts have granted early discovery into facts necessary to a motion for default judgment. *See Touchstone Life Essentials, Inc. v. Healed LLC*, No. 1:24-CV-03386-PAB-NRN, 2025 WL 1580636, at *1 & n.1 (D. Colo. Mar. 6, 2025) (collecting cases). *But see Behav. Analyst Certification Bd., Inc. v. Solis*, No. 21-CV-02131-NYW-STV, 2022 WL 17736781, at *3 (D. Colo. Dec. 16, 2022) (denying such discovery and collecting additional cases going each way).

Although there is debate about the appropriate standard, courts within this circuit and elsewhere have required a showing of good cause before authorizing early discovery. *See* 8A Fed. Prac. & Proc. (Wright & Miller) Civ. § 2046.1 (3d ed.). "The early discovery must be 'narrowly tailored to seek information necessary to support expedited or preliminary relief.'" *Trainor v. Doe*, No. 22-CV-00350-RM-NYW, 2022 WL 444396, at *2 (D. Colo. Feb. 14, 2022) (quoting *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-

2

03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011)); *see also Knight v. Okla. ex rel. Okla. Dep't of Pub. Safety*, No. 22-cv-00069-TCK-SH, 2022 WL 1091591, at *2 & nn. 3–4 (N.D. Okla. Apr. 12, 2022) (additional discussion of the tests applied by various courts).

Here, Neil seeks to issue various discovery requests to Coffield and depose him. (ECF No. 28 at 2.) Neil states he needs discovery into his employment and benefits records to help him calculate his claim for damages in the form of back pay, front pay, and lost fringe benefits. (*Id.*) Neil does not go into great detail regarding the sort of information he intends to seek, but much of it appears to be related to the merits of his claims, not his damages—e.g., "Coffield's actions on scheduling, leave, accommodations decisions, and termination" or "Facts regarding Coffield's role in leave denial and retaliation." (*Id.*) Other topics appears to include information related to the underlying claim, even if some information regarding damages is included—e.g., "Personnel files, Personnel emails, HR records, payroll, ESOP/benefits records tied to Plaintiff's employment." Even for information related to Neil's compensation, and therefore his damages, Neil does not explain why Coffield, <u>personally</u>, would have custody or control over such information. Instead, it appears that Neil is attempting to seek discovery from Defendant Winco, who has not yet been served with a summons in this case. Moreover, Neil has separately asked the Court to delay any hearing on his damages "until all defendants have been served and the case has proceeded through initial stages . . . ." (ECF No. 25.) Finally, discovery into damages may not be appropriate if District Judge Sara E. Hill determines that Neil has failed to allege a plausible claim. *Behavior Analyst*, 2022 WL 17736781, at *3 ("a plaintiff does not get discovery until he alleges a plausible claim").

In these circumstances, there is not good cause for allowing Neil to conduct early discovery from Coffield and, in any event, Neil's requested discovery is not narrowly tailored to support the relief he seeks.[2]

Because the Court is not authorizing early discovery, it is premature to consider Neil's request for a protective order. Neil can raise this issue again once discovery commences. Neil is reminded that he is required to comply with the federal rules and this Court's local rules,[3] including LCvR 26-6 on seeking protective orders. Any future motion for protective order shall comply with LCvR 26-6 and the accompanying Procedure for Protective Orders, https://www.oknd.uscourts.gov/protective-orders.

IT IS THEREFORE ORDERED that *Plaintiff's Motion for Leave to Conduct Early Discovery Pursuant to Rule 26(d)(1)* (ECF No. 28) is DENIED, and *Plaintiff's Motion for Entry of Protective Order* (ECF No. 27) is DENIED.

ORDERED this 4th day of September, 2025.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2] Because the Court is denying Neil's request for early discovery, it does not address whether Neil may utilize Fed. R. Civ. P. 33, 34, and 36 against a defaulting party.

[3] The Court's local rules are available online at https://www.oknd.uscourts.gov/local-rules.