**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

NIC VIC NEIL,                                )
                                             )
    Plaintiff,                          )
                                             )
v.                                           )
                                             )    Case No. 25-cv-00105-SH
WINCO FOODS, LLC; GARRETT                     )
COFFIELD; JAMIE REHN;                         )
NATHANIAL SHEWMAKER; NATALIE                  )
PERDEW; and DARIN RISINGER                    )
                                             )
    Defendants.                         )

**OPINION AND ORDER**

Before the Court is Plaintiff's motion to disqualify opposing counsel. Plaintiff hypothesizes regarding what defenses he believes the various defendants may assert and then argues that, based on these imagined scenarios, the defendants cannot share the same counsel. Plaintiff fails to show any disqualifying conflict, and his motion will be denied.

**Background**

Plaintiff Nic Vic Neil ("Neil") has brought suit against Defendant Winco Foods, LLC ("Winco") and five individual defendants who appear to be Winco employees. (Dkt. No. 8 at 3.) Neil attempts to assert claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203; and the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1140. (*Id.* at 3–4.) Winco and the employees are represented by attorneys from the law firm McAfee & Taft, who have filed a motion to dismiss on behalf of all Defendants. (Dkt. No. 36.)

Neil has filed a motion to disqualify McAfee & Taft, primarily arguing that their representation violates Rule 1.7 of the Oklahoma Rules of Professional Conduct (the "ORPC"), Okla. Stat. tit. 5, ch. 1, app. 3-a.[1] (Dkt. No. 38.)  District Judge Sara E. Hill has referred Neil's motion to the undersigned.  (Dkt. No. 42.)

**Analysis**

**I.    Legal Standard for Disqualification**

A court has "broad discretion" in determining whether an attorney should be disqualified. *Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1211 (10th Cir. 2000). The party seeking disqualification bears the burden of proving its necessity. *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1299 (D. Colo. 1994); *Alstatt v. Bd. of Cnty. Comm'rs*, No. CIV-22-811-D, 2023 WL 5019914, at *1 (W.D. Okla. Aug. 7, 2023).  "Motions to disqualify opposing counsel are viewed with suspicion, and the Court must guard against the possibility that disqualification is sought to secure a tactical advantage in the proceedings." *Foltz v. Columbia Cas. Co.*, No. CIV-15-1144-D, 2016 WL 4734687, at *2 (W.D. Okla. Sept. 9, 2016) (citation modified).

Two sources of authority govern motions to disqualify in federal court.  *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994).  "First, attorneys are bound by

---

[1] In an unauthorized supplemental brief, Neil also argues that "McAfee & Taft may be necessary witnesses due to potential misrepresentation by their clients," which "raises concerns under ORPC Rule 3.7." (Dkt. No. 45 at 1.)  Absent leave of court, briefing on a motion consists solely of the movant's original brief, the other party's response, and the movant's reply.  *See* LCvR 7-1(b), (e), (f).  "Supplemental briefs are not encouraged and may be filed only upon motion and leave of Court."  *Id*. 7-1(f).  Neil is warned that such supplemental briefs are subject to being stricken and cannot be relied on absent leave of court.  In any event, Neil has provided nothing but speculation for his assertion that any specific lawyer may become a necessary witness, such that a Rule 3.7 issue may someday arise.  Neil has also failed to show that all McAfee attorneys have information that is "relevant, material and unobtainable elsewhere." *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1302 (D. Colo. 1994).

the local rules of the court in which they appear." *Id.* In this Court, that means attorneys are expected to follow the ORPC. *See* LGnR 3-2. Second, motions to disqualify "are decided by applying standards developed under federal law" and are consequently "governed by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights." *Cole*, 43 F.3d at 1383 (citation modified).

Although this Court must consult the Oklahoma rules, it is "not bound by state-court interpretations of such rules." *Acct. Principals, Inc. v. Manpower, Inc.*, 599 F. Supp. 2d 1287, 1291 (N.D. Okla. 2008). However, "it would arguably create difficulties for practitioners in Oklahoma were we to adopt an interpretation of [the Oklahoma rules] different from that adopted by the Oklahoma Supreme Court." *Weeks*, 230 F.3d at 1214 (Briscoe, J., concurring). So, the Court applies federal standards, "while attempting to avoid any inconsistencies with state law that would create procedural difficulties for practitioners in Oklahoma." *Acct. Principals*, 599 F. Supp. 2d at 1291 (citation modified).

When considering a motion to disqualify, a court "must carefully balance the interest in protecting the integrity of the judicial process with the right of a party to have counsel of its choice." *State Farm Mut. Auto. Ins. Co. v. Dowdy ex rel. Dowdy*, 445 F. Supp. 2d 1285, 1287 (N.D. Okla. 2006). "Under that standard, disqualification 'is such a drastic measure that it should be invoked if, and only if, the Court is satisfied that real harm is likely to result.'" *Grant v. Flying Bud Farms, LLC*, No. 22-CV-1-TCK-CDL, 2022

3

WL 2955147, at *4 (N.D. Okla. July 26, 2022) (quoting *Ark. Valley State Bank v. Phillips*, 2007 OK 78, ¶ 13, 171 P.3d 899, 905).[2]

## II.    Neil Has Failed to Show That Disqualification Is Appropriate

Neil has failed to show that attorneys from McAfee & Taft should be disqualified from representing Defendants.  Neil bases his disqualification arguments on ORPC 1.7, which governs concurrent conflicts of interest.  A "concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."  ORPC 1.7(a)(2); *see id.* cmt. 23 (noting "simultaneous representation of parties whose interests in litigation may conflict, such as co-plaintiffs or co-defendants, is governed by paragraph (a)(2)").  A concurrent conflict "may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question."  *Id.* cmt. 23.

Even if a concurrent conflict exists, it is waivable.  The rule provides that, notwithstanding a concurrent conflict, the attorney may represent the client if:

(1)    the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2)    the representation is not prohibited by law;

(3)    the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

---

[2] The Oklahoma Supreme Court has held that the "burden rests with the moving party to establish the likelihood of such harm by a preponderance of the evidence." *Ark. Valley State Bank*, 171 P.3d at 911, ¶ 23.

(4)　　each affected client gives informed consent, confirmed in writing.[3]

ORPC 1.7(b).

Here, Neil's asserted conflicts rely entirely on speculation of what he believes will be the various individuals' factual defenses to his claims.  Neil confidently states what he believes an individual "will argue" and then imagines how other individuals—or even third parties—will contradict those arguments.  (Dkt. No. 38 at 2–3.)  Neil then theorizes that the McAfee & Taft attorneys will be unable to ethically "cross-examine" their own clients to defend their other clients.  (*Id.* at 3.)  Such speculation does not establish a substantial discrepancy in actual testimony or incompatibility of positions.  Neil has shown no conflict, no material limitation of representation caused by that conflict, and no failure to waive that conflict.  Neil has failed to show any basis for disqualification here.[4]

### Conclusion

IT IS THEREFORE ORDERED that *Plaintiff's Motion to Disqualify Defendants' Counsel, McAfee & Taft* (Dkt. No. 38) is DENIED.

ORDERED this 16th day of June, 2026.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3] "Thus, even when there exists a concurrent conflict of interest, that conflict can be waived so long as the requirements identified in Rule 1.7(b) are met." *Northrop v. Am. Express Co.*, No. 09-CV-005-TCK-TLW, 2010 WL 11561570, at *3 (N.D. Okla. Feb. 3, 2010).

[4] Because the Court finds no disqualifying conduct, it does not reach Defendants' argument that Neil lacks standing to raise this issue.  (Dkt. No. 57 at 3–4.)